## Stone et al. v. Abington Township

*Fleer & Miller,* for plaintiffs.
*David E. Groshens,* for defendant.

FORREST, J., October 23, 1950.—This matter comes before us on a petition for declaratory judgment and answer thereto. The facts are not in dispute. Petitioners are the owners of corner properties in Abington Township, i.e., Marion F. Stone et ux. own the property on the southwestern corner of Madeira, Rodman, and Runnymede Avenues; Russell A. Davis et ux. own the property on the southeastern corner of Madeira and Rodman Avenues; Howard G. Fleisher et ux. own the property on the southwestern corner of Madeira and Cheltena Avenues and Jeffrey A. Stone et ux. own the property on the southeastern corner of Madeira and Cheltena Avenues. They have been assessed on the front-foot basis for sewers by the Township of Abington for their full frontage on Rodman and Cheltena Avenues, respectively, under Township Ordinance No. 638, which makes provision for the construction of two sewer lines on Rodman and Cheltena Avenues, respectively, abutting on the properties of petitioners, and which provides also for the assessment of all costs and expenses legally chargeable "upon the properties accommodated thereby", by an assessment per front foot upon the frontage of each of the properties abutting on the sewers; provided, that any lot situated at the corner of two or more streets or roads in which sewers are laid shall be charged for the sewer upon the street or road upon which the lot abuts, and for so much of the sewer on the other street or road as exceeds 100 feet.

Petitioners claim that they should receive the benefit of its provision thereby becoming entitled to an exemption of 100 feet on Rodman and Cheltena Avenues, respectively, since there is already a sewer in Madeira Avenue. The contention of the township is that this section is not applicable since the sewer on Madeira Avenue was dedicated gratis in 1931 to the township

and for that reason there was no assessment on petitioners' properties for its cost and that, therefore, petitioners' properties should be assessed for the full front on Rodman and Cheltena Avenues, respectively. We cannot adopt this conclusion. The ordinance does not draw any distinction between those owners of corner properties who have paid for another sewer and those who have not, and properly so, since the liability for the payment for a sewer does not depend on whether the property has been charged for another, but on whether the second sewer is a benefit or not. It must be remembered that the special assessment is predicated on benefits. This ordinance was passed pursuant to the authority of the First Class Township Code of June 24, 1931, P. L. 1206, secs. 2406 and 2408, 53 PS §§19092-2406, 19092-2408:

"2406—Cost of construction; how paid. The cost of construction of any system of sewers or drains, constructed by the authority of this subdivision of this act, may be charged upon the properties *accommodated or benefited* thereby to the extent of such benefits, or may be paid for wholly or partially by general taxation. Any amount not legally chargeable upon properties benefited shall be paid out of the general township fund." (Italics supplied.)

"2408—Manner of assessment. The charge for any such sewer construction in any township shall be assessed upon the properties *accommodated or benefited* in either of the following methods:

"(*a*) By an assessment, pursuant to township ordinance, of each lot or piece of land in proportion to its frontage abutting on the sewer, allowing such reduction in the case of properties abutting on more than one sewer as the ordinance may specify. No assessment by frontage shall be made on properties of such a character as not to be lawfully subject to such manner of

assessment, and each abutting property shall be assessed with not less than the whole amount of the *benefit* accruing to it and legally assessable.

"(b) By an assessment upon the several properties abutting on the sewer in proportion to benefits. The amount of the charge on each property shall be ascertained as provided in this act for the assessment of benefits.

"When a township is divided into sewer districts, the assessment in each district may be by different methods." (Italics supplied.)

The reading of these sections is convincing that the assessment is predicated upon the property being "accommodated or benefited".

This ordinance is consonant with most such ordinances in that properties at intersections of two sewers are allowed an exemption of 100 feet. This is in accordance with the spirit and letter of the aforementioned sections of the First Class Township Code, but for which the assessments could not have been made.

Section 4 of the petition alleges that the Runnymede and Madeira Avenues sewers are "entirely adequate" and the corresponding paragraph in the answer is "admitted". Then, too, section 6 of the petition alleges "no property of any petitioner is accommodated or benefited to any degree by either of said sewers", and the corresponding paragraph in the answer is "admitted with the qualification that the sewers in Rodman Avenue and Cheltena Avenue will be of some benefit in the future to plaintiffs' lots in the event such lots are further improved by buildings".

It must be remembered that we are dealing with the first 100 feet on Rodman and Cheltena Avenues, starting at Madeira Avenue. There is no specific denial to the allegation that no part of this 100 feet is "accommodated or benefited" and it is necessary that this be

made manifest, otherwise the township had no right to make an assessment irrespective of the provisions of its ordinance; furthermore, the ordinance allows a credit of 100 feet in cases of properties abutting on intersecting sewers. It does not make a condition precedent to such a right of credit that the property has already paid for one sewer line. Since most such ordinances allow for a 100-foot exemption or credit, it is seen that it is generally accepted that these 100 feet of the property are not accommodated or benefited by the second sewer and not being so affected, they are not assessable. This line of reasoning is supported by Philadelphia v. Meighan, 27 Pa. Superior Ct. 160 (1904), the facts of which are clearly stated by Judge von Moschzisker, then of the Court of Common Pleas No. 3 of Philadelphia and later Chief Justice of our Supreme Court, as follows:

"The case stated here shows that a public sewer was laid in Kensington avenue, by authority of an ordinance of the city councils, 'the cost thereof to be paid by assessment bills against the properties abutting on said street;' that the cost thereof, however, was in fact, paid solely by the properties on the side of the street in which the sewer happened to be put; that some years afterwards another sewer was built on the other side of the street, by authority of councils, the owners on that side only to be assessed; and that the city assessed the defendant in this case as an owner of property on that side of the street for a certain proportionate share of the cost of this second sewer. Therefore, the question presented is: This defendant being an owner of property on the side of the street upon which the second sewer was constructed, and not having paid any part of the cost of the first sewer, is he, under the law, liable for his proportionate share of the cost of the second sewer, or must it be held that his property having derived its full sewer benefits from the construction of

the first sewer, he cannot be assessed for the second sewer".

In answering the propounded question, he goes on to say on page 162:

"The general principle of law is that where a property is first benefited in kind by a municipal improvement it is assessable therefore, but where it has once enjoyed the particular kind of improvement, the property is not assessable for a second improvement of the same character, even though the latter may differ in degree and may be to the apparent material benefit of such property. The reasonableness, necessity and justice of such a general rule can readily be appreciated when we consider that upon a sale of real estate where a municipal improvement has been made, the land takes a value therefrom, on the presumption that it has already borne its tax for an improvement of that kind and will not be so taxed again; and a price paid is presumably fixed accordingly".

Since it is conceded that the first 100 feet of the properties involved will not be benefited by these sewers, they should not be assessed to that extent for the expenses of the construction. See also The Commissioners of Spring Garden v. Smith, 15 S. & R. 160' (1826).

And now, October 23, 1950, upon consideration of the petition in this matter, for the reasons given in the foregoing opinion, the court does order, adjudge and decree that: (a) The property of petitioners, Marion F. Stone and Elizabeth C. Stone, his wife, situate at the southwestern corner of Madeira, Rodman and Runnymede Avenues in the Township of Abington, be not assessed for the 100 feet on Rodman Avenue, from the starting point at the intersection of Rodman and Runnymede Avenues under Ordinance No. 638 of the Township of Abington providing for the construction of a sewer line on Rodman Avenue and the assessments

predicated thereon; (b) the property of petitioners, Russell A. Davis and Mary E. Davis, his wife, situate at the southeastern corner of Madeira and Rodman Avenues in the Township of Abington be not assessed for the 100 feet on Rodman Avenue, from the starting point at the intersection of Rodman and Madeira Avenues, under Ordinance No. 638 of the Township of Abington providing for the construction of a sewer line on Rodman Avenue and the assessments predicated thereon; (c) the property of petitioners, Howard G. Fleisher and Adele F. Fleisher, his wife, situate at the southwestern corner of Cheltena Avenue in the Township of Abington, be not assessed for the 100 feet on Cheltena Avenue, from a starting point at the intersection of Cheltena and Madeira Avenues, under Ordinance No. 638 of the Township of Abington providing for the construction of a sewer line on Rodman Avenue and the assessments predicated thereon; (d) the property of petitioners, Jeffrey A. Stone and Ruth S. Stone, his wife, situate at the southeastern corner of Cheltena and Madeira Avenues, in the Township of Abington, be not assessed for the 100 feet on Cheltena Avenue, from a starting point at the intersection of Cheltena and Madeira Avenues, under Ordinance No. 638 of the Township of Abington providing for the construction of a sewer line on Rodman Avenue and the assessments predicated thereon; (e) the Township of Abington shall pay the costs; (f) the prothonotary is further ordered and directed to give counsel in the case notice as required by section 6 of the Act of May 22, 1935, P. L. 228, 12 PS §852, and the Rules of Equity Practice, that unless exceptions are filed within 10 days after giving of such notice, the decree nisi will become the final decree as of course.